**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) | |
| | ) | Case No. 1:10-cr-044 |
| Ronald Allen Kuntz, | ) | |
| | ) | |
| Defendant. | ) | |

_____

        Before the Court is the Defendant's motion to suppress evidence filed on March 8, 2011.

<u>See</u> Docket No. 24.  The Government filed a response in opposition to the motion on March 10,

2011.  <u>See</u> Docket No. 27.  An evidentiary hearing was conducted on March 25, 2011, in Bismarck,

North Dakota.  For the reasons below, the motion is denied.


I.        **BACKGROUND**

        The defendant, Ronald Allen Kuntz, was indicted on June 8, 2010 for one count of receipt

of materials involving the sexual exploitation of minors and one count of possession of materials

involving the sexual exploitation of minors in violation of 28 U.S.C. § 2252(a)(2), 2252(a)(4)(B),

2252(b)(1) and 2252(b)(2).  <u>See</u> Docket No. 1.  Kuntz filed a motion to suppress evidence on March

8, 2010.  <u>See</u> Docket No. 24.

        On July 28, 2009, Deputy Todd Ehresmann of the Stark County Sheriff's Department

presented an affidavit to Judge Allan Schmalenberger, District Judge for the Southwest Judicial

District, Stark County, North Dakota.  <u>See</u> Docket No. 27-1.  Deputy Ehresmann attested in the

affidavit that on July 7, 2009, Special Agent Tim Erickson of the North Dakota Bureau of Criminal

Investigation accessed the Gnutella file sharing network and located a computer offering to

participate in the trafficking of materials involving the sexual exploitation of minors.  Special Agent Erickson discovered that the IP address of the computer was 75.174.244.60 and the computer was located in North Dakota.  Special Agent Erickson confirmed that the computer contained twelve (12) files that had previously been identified as materials involving the sexual exploitation of minors.

Deputy Ehresmann stated that on July 8, 2009, Special Agent Brian Novlesky of Homeland Security Investigations (formerly Immigration and Customs Enforcement) discovered through a subpoena served on Qwest Communications that the computer was located at 1173 3rd Avenue West, Dickinson, North Dakota, at a business known as "This Old Shoe."  In his affidavit, Deputy Ehresmann detailed a number of the files believed to be located on the computer that depicted the sexual exploitation of minors.  Based on Deputy Ehresmann's affidavit, Judge Schmalenberger issued a warrant to search the business located at 1173 3rd Avenue West #U, Dickinson, North Dakota, and Kuntz's vehicle.

During the hearing on the motion, Special Agent Novlesky testified that during his investigation of Kuntz he mistakenly issued a report to the National Center for Missing and Exploited Children ("NCMEC") which report contained a name and/or information relating to a different investigation.   Agent Novlesky stated that he identified and corrected the error in subsequent reports.

During the evidentiary hearing, Special Agent Erickson testified concerning IP addresses. Agent Erickson testified that Kuntz's internet service provider, Qwest Communications, uses a dynamic IP address system which can cause a computer's IP address to change over time.  He testified that the IP address in Deputy Ehresmann's affidavit, 75.174.244.60, is the IP address identifying Kuntz's computer that he discovered on the Gnutella file sharing network on July 7,

2009.  Kuntz's computer was later identified by the IP address 63.244.237.127.  The IP address

75.1<u>4</u>4.244.60 that appears in one of the investigative reports was an innocent typographical error

on Special Agent Erickson's part (a "4" was typed rather than a "7" as noted).

On March 8, 2011, Kuntz moved to suppress the following evidence:

1)  All evidence seized as a result of the July 29, 2009, search conducted pursuant to a warrant issued by the District Court for Stark County, Southwest Judicial District on July 28, 2009.

2)  All evidence relative to a Dell Computer referenced in the ICE and NCBCI report.

3)  All evidence regarding IP addresses 75.144.244.60, 75.174.244.60, and 63.244.236.127, or alternatively, a Bill of Particulars requiring the government to identify which of the IP addresses forms the basis for the charges against the Defendant.

4)  All evidence seized by law enforcement relative to matters prior to July 2009.

5)  All evidence seized and submitted to NCMEC on September 16, 2009, based on the fact that the information appears to be related to someone other than Kuntz.  Further, that information submitted to NCMEC on February 2, 2010, be suppressed due to numerous errors with regard to the previously submitted information as the errors are not clearly identified and it is believed that the information submitted to NCMEC again relates to someone other than Kuntz.

<u>See</u> Docket No. 24.

## II.   <u>LEGAL DISCUSSION</u>

The Fourth Amendment guarantees the "right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures."  The "central requirement"

of the Fourth Amendment is reasonableness.  <u>Illinois v. McArthur</u>, 531 U.S. 326, 330 (2001).  The

reasonableness of the search is determined "by assessing, on the one hand, the degree to which it

intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the

promotion of legitimate governmental interests." <u>Wyoming v. Houghton</u>, 526 U.S. 295, 300 (1999). The general rule is that law enforcement officers must secure a warrant before conducting a search. <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967); <u>United States v. Alberts</u>, 721 F.2d 636, 638 (8th Cir. 1983).

A warrant must be supported by probable cause, which "exists if the warrant application and affidavit describe circumstances showing a fair probability that contraband or evidence of a crime will be found in a particular place . . . ." <u>United States v. Keele</u>, 589 F.3d 940, 943 (8th Cir. 2009) (quoting <u>United States v. Montes-Medina</u>, 570 F.3d 1052, 1059 (8th Cir. 2009)).  "Probable cause is 'a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'" <u>Walden v. Carmack</u>, 156 F.3d 861, 870 (8th Cir. 1998) (quoting <u>Illinois v. Gates</u>, 462 U.S. 213, 232 (1983)).  The Eighth Circuit Court of Appeals has explained:

> The court issuing a search warrant must "make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

<u>United States v. Carter</u>, 413 F.3d 712, 714 (8th Cir. 2005) (quoting <u>Gates</u>, 462 U.S. at 238). Probable cause can be based on a law enforcement officer's observations.  <u>United States v. Terry</u>, 305 F.3d 818, 822-23 (8th Cir. 2002).  More important, after a judicial officer has issued a search warrant upon a finding of probable cause, "that finding deserves great deference." <u>Walden</u>, 156 F.3d at 870.

4

A.     **SEARCH WARRANT**

Rule 41(d) of the Federal Rules of Criminal Procedure requires that a warrant be supported by an affidavit or sworn testimony.  Kuntz asserts that he did not receive and has not been able to obtain a copy of the affidavit or sworn testimony supporting the search warrant issued by Judge Schmalenberger.  Kuntz contends, "Unless, and until, the government produces information that supports the issuance of the warrant, all evidence seized must be suppressed."  See Docket No. 25.  On March 10, 2011, the Government filed Deputy Ehresmann's affidavit submitted in support of the application for a search warrant.  See Docket No. 27-1.

The Court finds that the search warrant is supported by probable cause.  The affidavit specifically describes the manner in which Kuntz's computer was discovered to contain materials involving the sexual exploitation of minors, the physical location of the computer, and descriptions of the specific files believed to be contained on the computer.  The affidavit shows more than a fair probability that contraband or evidence of a crime would be found at the address where the search took place.  The Court is convinced that the original application for a search warrant was submitted by Deputy Ehresmann to Judge Schmalenberger and signed by the judge on July 28, 2009.  The Court also gives great deference to Judge Schmalenberger's finding of probable cause.  See Walden, 156 F.3d at 870.   The motion to suppress evidence seized on July 29, 2009, pursuant to a valid search warrant is denied.


B.     **DELL COMPUTER**

Kuntz asserts that the discovery materials he was provided with included references to a Dell computer he possesses, but also included references to a computer owned by an individual identified

as Timothy Howell.  Kuntz claims he does not know Timothy Howell.  Kuntz contends that because the discovery is not clear as to which evidence relates to Kuntz and which evidence may be connected to Howell, the evidence from the Dell computers should be suppressed.  In the alternative, Kuntz requests a bill of particulars which outlines in detail which evidence relates to Kuntz.  Special Agent Erickson testified that he prepared an EnCase report which details the specific files and images found on Kuntz's computer which depict the sexual exploitation of minors.  The Government does not intend to offer any evidence at trial which may have some connection to the person identified as Timothy Howell.  The motion to suppress evidence as it relates to Dell computers is denied.


       **C.**      **IP ADDRESSES**

Kuntz asserts that three IP addresses were identified in the discovery materials, 75.144.244.60, 75.174.244.60, and 63.224.236.127.  Kuntz contends that all evidence related to the IP addresses should be suppressed because the discovery does not clearly identify which IP address identifies Kuntz's computer.  Special Agent Erickson testified that the IP address used to identify Kuntz's computer at the time Erickson discovered it on the Gnutella file sharing network was 75.174.244.60.  The IP address 75.144.244.60 was an isolated typographical error made by Special Agent Erickson in one of the IP addresses listed in one of his reports.   The IP address 63.224.236.127 identified Kuntz's computer at a later time, because Kuntz's internet service provider uses a dynamic IP address system through which a computer's IP address may change over time.  Special Agent Erickson testified that he identified Kuntz's computer using its unique client identification number which never changes and is unique to a specific computer.  Special Agent

Erickson's testimony clearly establishes that the discovery materials <u>do not</u> include references to any computers other than those owned by or in the possession of Kuntz.  The motion to suppress evidence as it relates to the three IP addresses identified in discovery materials is denied.

### D.    IMAGES OBTAINED PRIOR TO JULY 2009

Kuntz has been charged with possessing and receiving materials involving the sexual exploitation of minors "[i]n or about July 2009."  <u>See</u> Docket No. 1.  Kuntz argues that one of the computers seized at his place of business has not been accessed since February 4, 2009.  He argues that evidence related to the receipt or possession of materials involving the sexual exploitation of minors before July 2009 lacks relevance and should be suppressed.  The Government contends that all of the images seized from Kuntz's computer are relevant regardless of when they were received because Kuntz possessed them in or about July 2009.  The Court agrees.  All materials involving the sexual exploitation of minors that were in Kuntz's possession in July 2009 are relevant to the first count of the indictment, i.e., possession of materials involving the sexual exploitation of minors.  The date of their receipt is irrelevant to whether Kuntz possessed such images in or about July 2009.  The motion to suppress evidence or images which may have been obtained prior to July 2009 is denied.

### E.    EVIDENCE SUBMITTED TO NCMEC

Kuntz also argues that law enforcement submitted some images of child pornography to the National Center for Missing and Exploited Children ("NCMEC") for analysis.  Kuntz contends that some of these images relate to individuals other than himself.  Kuntz argues that unless the

Government explains what materials were submitted to NCMEC and whether such images relate to other persons besides Kuntz, evidence of the images submitted to NCMEC should be suppressed. Special Agent Novlesky testified that the images were submitted to NCMEC to allow that entity to identify and notify known victims and new victims, and to increase their national database of child pornographic images.  It is undisputed that the images sent to NCMEC were not submitted for investigative purposes and NCMEC's analysis has no evidentiary value or relevance to this particular case.  The images involving the sexual exploitation of minors sent to NCMEC are used solely for their national database and to identify known and new victims as well as to properly notify such victims.  The Government does not intend to introduce any evidence at trial related to the analysis conducted by NCMEC.  The motion to suppress evidence related to the child pornographic images which were forwarded to NCMEC for analysis and inclusion in their national database is denied.

### III.    <u>CONCLUSION</u>

The Court finds that the original search warrant issued by state district court Judge Schmalenberger on July 28, 2009 was supported by probable cause.  The Court further finds that the testimony of Special Agents Erickson and Novlesky sufficiently clarifies which evidence relates to Kuntz and what evidence may have been related to another investigation. In addition, the Court finds that evidence of materials involving the sexual exploitation of minors that were arguably obtained

by Kuntz prior to July 2009 is relevant to the charge of possession of materials involving the sexual exploitation of minors.  Kuntz's motion to suppress evidence (Docket No. 24) is **DENIED**.

   **IT IS SO ORDERED**.

Dated this 29th day of March, 2011.

   */s/ Daniel L. Hovland*
   Daniel L. Hovland, District Judge
   United States District Court

9